UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>$97,447.00 UNITED STATES CURRENCY; )<br>ONE SIG SAUER 380 CALIBER P238 HANDGUN; )<br>ONE WINCHESTER 20G YOUTH 120 SHOTGUN; )<br>ONE H&R .22 CALIBER 676 HANDGUN; )<br>ONE CARL GUSTAFS MAUSER 6.5MM BOLT )<br>ACTION RIFLE; and )<br>ONE BENELLI 912, 12 GAUGE SHOTGUN, )<br>)<br>Defendants. ) | No. 4:19-cv-00114 |

## **COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, Josh J. Minkler, United States Attorney for the Southern District of Indiana, and Eric P. Babbs, Special Assistant United States Attorney, alleges as follows:

## **NATURE OF THE ACTION**

1. This is a civil *in rem* action seeking the forfeiture of currency pursuant to 21 U.S.C. § 881(a)(6) because the Defendant Currency is the proceeds of, or property used to facilitate, violations of the Controlled Substances Act. This action also seeks to forfeit five firearms pursuant to 21 U.S.C. § 881(a)(11) because the Defendant Firearms were used or intended to be used to facilitate violations of the Controlled Substances Act or were exchanged or intended to be exchanged for a controlled substance.

1

## PARTIES, JURISDICTION, AND VENUE

2. The Defendant Currency is:

- Ninety-Seven Thousand Four Hundred Forty Seven Dollars in United States Currency ($97,447.00) seized from 5822 Hartford Lane, Charlestown, Indiana, pursuant to a state search warrant on December 3, 2018.

The Defendant Currency was subsequently transferred to the custody of the Federal Bureau of Investigation ("FBI"). The Defendant Currency has been assigned Asset Identification Number 19-FBI-001755.

3. The Defendant Firearms are:

- Sig Sauer 380 caliber P238 handgun, serial number ("SN"): 27B216084 ("Sig Sauer handgun");
- Winchester 20g Youth 120 shotgun, SN: L1693225 ("Winchester shotgun");
- H&R .22 caliber 676 handgun, SN: AU107891 ("H&R handgun");
- Carl Gustafs Mauser 6.5mm bolt-action rifle, SN: 167320 ("Carl Gustafs rifle"); and
- Benelli 912, 12 gauge shotgun, SN: AH40987 ("Benelli shotgun").

The Defendant Firearms were seized from 5822 Hartford Lane, Charlestown, Indiana pursuant to a state search warrant on December 3, 2018, and were subsequently transferred to the custody of the FBI. The Defendant Firearms have been assigned Asset Identification Number 19-FBI-001789.

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1345 (district courts have original jurisdiction of all civil actions commenced by the United States) and § 1355 (district courts have original jurisdiction of any action for forfeiture, and action can be brought in a district in which any of the acts giving rise to the forfeiture occurred).

5. This Court has *in rem* jurisdiction over the Defendant Currency and the Defendant Firearms under 28 U.S.C. § 1355(b) (forfeiture action can be brought in a district in which any of the acts giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

6. This Court is the appropriate venue pursuant to 28 U.S.C. § 1395(a) and (b) in that the forfeiture accrued in the Southern District of Indiana.

**FACTS**

7. On December 3, 2018, a United States Postal Inspector in the Western District of Kentucky identified a package bearing a Priority Mail label number ending in 8689 ("Package 8689" or "the package") as suspicious. The package was addressed to "Ron Walker" at 5822 Hartford Lane, Charlestown, Indiana 47111, with a return address of "Jay's Auto," 13037 Ivy Avenue, Rancho Cucamonga, CA 91739. The package weighed approximately 30 pounds and measured approximately 16.5 inches wide, 13 inches long, and 13 inches deep, with paid postage of $82.05. The Postal Inspector noted that the package was shipped from a source state for controlled substances (California) and was heavily taped at its seams. CLEAR database queries showed that the return name did not associate to the return address, and the recipient name did not associate to the recipient address. No telephone number was listed on the shipping label.

8. A certified drug detection canine, handled by a Jeffersonville Police Department Officer, was allowed to inspect the exterior of the package along with several parcels known to not contain controlled substances. The canine is certified annually in the detection by odor of marijuana, cocaine, heroin, and methamphetamine. The canine alerted to the odor of a controlled substance on Package 8689.

9. Based on the suspicious appearance of Package 8689 and the drug detection canine's positive alert, the Postal Inspector applied for a federal search warrant to examine the interior of the package. A United States Magistrate Judge for the Western District of Kentucky granted the search warrant upon a finding of probable cause.

10. When law enforcement opened the package, the several individually sealed plastic bags inside it contained numerous bottles of THC oil and THC edible items.

11. Based on the investigation, a detective with the Clark County Sheriff's Office applied for an anticipatory search warrant for the premises at 5822 Hartford Lane, Charlestown, Indiana. The warrant authorized law enforcement officers, upon executing a controlled delivery of Package 8689, to search the premises, including certain vehicles located thereon, for evidence of the crimes of dealing and/or possessing marijuana and marijuana edibles and maintaining a common nuisance. The warrant was signed by a Clark County Circuit Court Judge on December 3, 2018.

12. Law enforcement officers, including an FBI Safe Streets Gang Task Force officer, made a successful controlled delivery of Package 8689 to 5822 Hartford Lane. The surveillance team kept the package and residence under constant surveillance until, at approximately 5:40 p.m., a subject later determined to be Kyle C. Welch retrieved the package. Kyle C. Welch was initially observed to pull into the driveway of the residence driving a 2008 Honda Ridgeline. Kyle C. Welch then entered the residence through the garage door and soon took the package from the front porch area.

13. When law enforcement officers executed the search warrant, Kyle C. Welch, who was 30 years old, was the only person present. Inside the residence, Package 8689 was already opened and in plain view, with some of its contents spread on the kitchen countertop. Officers

seized approximately 50 bottles of THC edibles; hundreds of THC oil vape refills; four clear plastic bags containing 99.5 grams of marijuana; a clear plastic bag containing 3.7 grams of psilocybin mushrooms; a plastic bag with several tablets of amphetamine/dextroamphetamine; and digital scales.







14. Twenty-one (21) used vacuum-sealed plastic bags, and an additional bag with marijuana, were recovered from the kitchen. In the garage were two empty parcel boxes with USPS shipping labels showing delivery to the residence on prior dates. The empty parcel boxes were similar in size to the controlled package, showed paid postage of $70.40 and $83.70 respectively, and listed return addresses in Rancho Cucamonga, California. As noted in Paragraph 7, above, the controlled package was also sent from Rancho Cucamonga, California.

15. The search of the house also revealed the $97,447.00, which was separated into numerous bundles stored in a safe in the walk-in closet of the master bedroom, with a smaller amount in a dresser drawer.



16. The five Defendant Firearms were recovered during the search of the house and the Honda Ridgeline parked in the driveway. The Benelli shotgun was found in the master bedroom. The H&R handgun and the Carl Gustafs rifle were located in a garage safe. The Sig Sauer handgun, which was loaded, and the Winchester shotgun were found inside the Honda Ridgeline. The Honda Ridgeline was registered to Linda Welch but, as noted above, was in the possession of Kyle C. Welch, and one THC oil vape cartridge and one partially full bottle of THC edibles were found in the passenger compartment of the Honda Ridgeline.

17. Also found in the house were credit/debit cards in the name of Kyle Welch; a

6

current water and sewer bill addressed to Kyle C. Welch at the residence; and other mail addressed to Kyle C. Welch at the residence. A box of Winchester 380 caliber ammunition was found in the master bedroom closet.

18. Trace reports obtained for the Defendant Firearms showed that the Benelli shotgun and the Sig Sauer handgun had been purchased by Christopher T. Welch of Floyds Knobs, Indiana. The reports for the remaining three firearms did not show any record of purchase by Kyle C. Welch or Christopher T. Welch. Christopher T. Welch and Linda Welch are the parents of Kyle C. Welch, but neither Christopher nor Linda lived at the house. The house had no indicia of occupancy by anyone besides Kyle C. Welch.

19. Subsequent FBI investigation established a connection between Kyle C. Welch and Jason Maniloff, who was indicted on January 31, 2019 on charges that included possession with intent to distribute 50 grams or more of methamphetamine and being a felon in possession of firearms. *See United States v. Jason Maniloff*, No. 4:19-cr-00004-SEB-VTW-1 (Southern District of Indiana). A January 2019 search of Jason Maniloff's cell phone revealed photographs and text messages between Jason Maniloff and Kyle C. Welch regarding the sale and/or trade of firearms and controlled substances.

20. Based on the investigation, Kyle C. Welch was charged in state court with dealing in marijuana at least 10 pounds, a level 5 felony; two counts of possession of a controlled substance with an enhancing circumstance, a level 6 felony; unlawful possession or use of a legend drug, a level 6 felony; and possession of marijuana, a class B misdemeanor. *State of Indiana v. Kyle Welch*, Clark County, Cause No. 10C02-1812-F5-000287. A jury trial is scheduled for August 6, 2019.

## ADMINISTRATIVE FORFEITURE PROCEEDINGS

21. Because the Defendant Currency and the Defendant Firearms had been seized under authority of a state search warrant, the Clark County Prosecutor moved for a turnover order. The state court issued its order transferring the Defendant Currency and the Defendant Firearms to the FBI for the purpose of forfeiture under federal law. *See* Clark County Circuit Court, Docket No. 10C02-1901-MI-000012.

22. The FBI initiated administrative forfeiture proceedings as to the Defendant Currency and the Defendant Firearms, and provided notice to potential claimants as required under 18 U.S.C. § 983(a)(1).

23. On February 27, 2019, the FBI received a claim for the $94,447.00 (listed as $97,307.00) and the Defendant Firearms by Christopher T. Welch, submitted through his attorney Maxwell W. McCrite. On March 18, 2019, a corrected claim for the $94,447.00 (listed as $97,307.00) and the Defendant Firearms, on behalf of and signed by Kyle C. Welch, was submitted to the FBI through Attorney McCrite.

24. The FBI obtained Indiana Department of Workforce Development records for both Kyle C. Welch and Christopher T. Welch. For the period of the fourth quarter of 2015 through the fourth quarter of 2018, no employment wages were reported in Indiana for either Kyle C. Welch or Christopher T. Welch; neither were there any hits with records of other states.

25. The FBI, after receipt and review of the claims filed by Kyle C. Welch and Christopher T. Welch, referred this matter to the United States Attorney to initiate a civil forfeiture action as to the Defendant Currency and the Defendant Firearms.

## PERTINENT STATUTES AND REGULATIONS

26. Under 21 U.S.C. § 841(a)(1), it is unlawful for any person to manufacture,

distribute, or dispense – or possess with intent to manufacture, distribute, or dispense – a controlled substance.

27. Marijuana is a Schedule I controlled substance. 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d). The Controlled Substances Act defines marijuana as: "all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin."[1] 21 U.S.C. § 802(16).

28. Tetrahydrocannabinols (THC) are Schedule I controlled substances. 21 C.F.R. § 1308.11(d)(31).

29. Psilocybin is a Schedule I controlled substance. 21 C.F.R. § 1308.11(d)(29).

30. Amphetamine, its salts, optical isomers, and salts of its optical isomers are Schedule II controlled substances. 21 C.F.R. § 1308.12(d)(1).

31. Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States and no property right shall exist in them.

32. Under 21 U.S.C. § 881(a)(6), all "other things of value" furnished or intended to be furnished by any person in exchange for a controlled substance shall be subject to forfeiture to the United States of America and no property right shall exist in them.

33. Under 21 U.S.C. § 881(a)(11), "any firearm … used or intended to be used to

---

[1] Marijuana, however, "does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant … or the sterilized seed of such plant which is incapable of germination." 21 U.S.C. § 802(16).

facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances or any proceeds traceable to controlled substances shall be subject to forfeiture to the United States, and no property right shall exist in said firearm.

## CLAIM FOR RELIEF

34. Based on the allegations above, the Defendant Currency is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys . . . used or intended to be used to facilitate any violation of [the Controlled Substances Act, 21 U.S.C. §801 *et seq.*]," and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6). In addition, based on the allegations above, the Defendant Firearms are things of value furnished or intended to be furnished in exchange for a controlled substance, and/or "firearm[s] … used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances or controlled substance proceeds, and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(11).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for arrest of the Defendant Currency and the Defendant Firearms pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Currency and the Defendant Firearms forfeited to the United States for disposition according to law; and that the United States be granted all other just and proper relief.

                Respectfully submitted,

                JOSH J. MINKLER
                United States Attorney

By:    *s/Eric P. Babbs*
        Eric P. Babbs
        Special Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027

## **VERIFICATION**

I, Todd J. Brown, hereby verify and declare under penalty of perjury that I am a Special Agent for United States Federal Bureau of Investigation ("FBI"), that I have read the foregoing Verified Complaint in Rem and know the contents thereof, and that the matters contained in the Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief, and as to those matters I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement offices, as well as my investigation of this case, together with others, as a Special Agent with FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 05/22/2019

Todd J. Brown
Special Agent, FBI

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1 U.S. Government Plaintiff
- ❏ 2 U.S. Government Defendant
- ❏ 3 Federal Question *(U.S. Government Not a Party)*
- ❏ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 791 Employee Retirement Income Security Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | | | | | ❏ 895 Freedom of Information Act |
| | | | | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 950 Constitutionality of State Statutes |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ❏ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❏ Yes ❏ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-00114 |
| | ) |
| $97,447.00 UNITED STATES CURRENCY; | ) |
| ONE SIG SAUER 380 CALIBER P238 HANDGUN; | ) |
| ONE WINCHESTER 20G YOUTH 120 SHOTGUN; | ) |
| ONE H&R .22 CALIBER 676 HANDGUN; | ) |
| ONE CARL GUSTAFS MAUSER 6.5MM BOLT | ) |
| ACTION RIFLE; and | ) |
| ONE BENELLI 912, 12 GAUGE SHOTGUN, | ) |
| | ) |
| Defendants. | ) |

**WARRANT FOR ARREST OF PROPERTY**

TO:   ANY OFFICER OR EMPLOYEE OF THE UNITED STATES

WHEREAS a Complaint for Forfeiture In Rem has been filed in this Court on the 24th day of May, 2019, by Josh J. Minkler, United States Attorney for the Southern District of Indiana, against ninety-seven thousand four hundred forty seven dollars in United States Currency ($97,447.00); one Sig Sauer 380 caliber P238 handgun; one Winchester 20g Youth 120 shotgun; one H&R .22 caliber 676 handgun; one Carl Gustafs Mauser 6.5mm bolt-action rifle; and one Benelli 912, 12 gauge shotgun; defendants herein, for reasons and causes set forth in the Complaint;

YOU ARE HEREBY COMMANDED to take custody of and to deliver the defendant currency and defendant firearms into the possession of the United States of America, to be detained in the possession of the United States or its designee until further order of this Court, and you will make return thereon not later than ten (10) days after execution of process.

Dated: _____

                                                                         _____
                                                                         Laura A. Briggs, Clerk
                                                                         United States District Court
                                                                         Southern District of Indiana

Arrest Warrant to be issued by the Clerk pursuant to
Rule G(3)(b)(i) of the Supplemental Rules for
Admiralty or Maritime Claims and Asset Forfeiture Actions,
for property in custody of the United States.